IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL JAMES WALTON, : | |
| : | |
| Plaintiff, : | |
| : | No. 5:23-cv-355 (CAR) |
| v. : | |
| : | |
| HONORABLE FRANK KENDALL, : | |
| Secretary of the Air Force, : | |
| : | |
| Defendant. : | |
| : | |

### ORDER

Plaintiff is proceeding *pro se* and paid the full filing fee when he commenced this action against the Secretary of the Air Force alleging employment discrimination while he was employed at Robins Air Force Base. Currently before the Court are Plaintiff's Motion Requesting Access to the Court's Electronic Filing System [Doc. 4] and his Motion for Service of Summons and Complaint by Certified Mail [Doc. 6]. On November 16, 2023, the Clerk of Court granted Plaintiff's request to e-file [*see* Doc. 5]; thus, his Motion Requesting Access to the Court's Electronic Filing System [Doc. 4] is **DENIED as moot**. Because Plaintiff is responsible for serving his Complaint, his Motion for Service of Summons and Complaint [Doc. 6] is **DENIED**. As explained below, Plaintiff must properly serve Defendant in accordance with the Federal Rules of Civil Procedure within forty-five (45) days of the date of the Order.

1

Plaintiff filed his Complaint on September 18, 2023, and was issued summons addressed to the Chief of the Personnel and Information Law Division at the Joint Base Andrews in Maryland [Doc. 3] and to United States Attorney Peter Leary in the Middle District of Georgia [Doc. 7] for service on Defendant. Plaintiff filed several Certificates of Service wherein a process server avers that the Complaint and Summons were served by certified mail to the Honorable Frank Kendall, Secretary of the Air Force at Joint Base Andrews in Maryland. [Docs. 8,9, & 10].

Plaintiff now requests that the Court "mail the Defendant's [sic] by certified mail the Complaint and Summons in this case on behalf of the Complainant."

Federal Rule of Civil Procedure 4(c)(1) states that "[a] summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served."[1] Service on Defendant Honorable Frank Kendall, Secretary of the Air Force, must be done in accordance with the requirements of Rule 4(i)(1) and (2) for serving the United States and its Agencies. Rule 4(i) states:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
> (1) *United States.* To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an

---

[1] Fed. R. Civ. P. 4(c)(1).

assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must serve the United States <u>and also</u> send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee**.[2]

Here, Plaintiff has not provided proof of service as required by the Federal Rules of Civil Procedure. Although Plaintiff's certificates of service establish that he served a copy of the complaint and summons to the Secretary of the Air Force at Joint Base Andrews by certified mail, the record does not show he served a copy of the complaint and summons to the United States in accordance with Rule 4(i)(1). Plaintiff is responsible for properly effecting service under Rule 4(i), and he must provide proof of service to the Court in accordance with Rule 4(l)(1).

---

[2] Fed. R. Civ. P. 4 (emphasis in bold and underlined added).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3] Plaintiff filed his Complaint on September 18, 2023, and thus more than 90 days has passed. But recognizing that Plaintiff is *pro se*, **the Court will allow him an additional forty-five (45) days, by February 16, 2024, to serve Defendant in accordance with this Order and the Federal Rules of Civil Procedure.**

Although Plaintiff is *pro se*, "once a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."[4] On its website, www.gamd.uscourts.gov/helpful-links, the Court provides helpful links for litigants filing a case without an attorney, including a comprehensive guide for self-represented litigants and links to many local and federal rules. The Court encourages Plaintiff to use these resources.

For the foregoing reasons, Plaintiff's Motion Requesting Access to the Court's Electronic Filing System [Doc. 4] is **DENIED as moot**, and his Motion for Service of Summons and Complaint [Doc. 6] is **DENIED**. Plaintiff must properly serve Defendant

---

[3] Fed. R. Civ. P. 4(m).
[4] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

in accordance with the Federal Rules of Civil Procedure within forty-five (45) days of the date of the Order.

    **SO ORDERED** this 3rd day of January, 2024.

                                        <u>S/ C. Ashley Royal</u>
                                        C. ASHLEY ROYAL, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT