# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | | |
|---|---|---|---|
| **MICHAEL JAMES WALTON,** | : | | |
| | : | | |
| **Plaintiff,** | : | | |
| | : | **CIVIL ACTION** | |
| **v.** | : | **No. 5:23-CV-355 (CAR)** | |
| | : | | |
| **TROY MEINK, Secretary of the United** | : | | |
| **States Air Force,**[1] | : | | |
| | : | | |
| **Defendant.** | : | | |
| | : | | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Currently before the Court is Defendant Troy Meink's, Secretary of the United States Air Force (the "Agency"), Motion to Dismiss Plaintiff Michael James Walton's Amended Complaint. In his Amended Complaint, Plaintiff asserts the Agency discriminated against him based on his race, age, and disability, and retaliated against him during his civilian employment with United States Air Force at Robins Air Force Base ("RAFB") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Rehabilitation Act, 29 U.S.C. § 701 et seq.[2] For the following reasons,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Troy Meink, Secretary of the United States Air Force, is substituted for Frank Kendall, former Secretary of the United States Air Force.

[2] In his original Complaint, Plaintiff, at that time proceeding *pro se*, also asserted a hostile work environment ("HWE") claim, but Plaintiff's Amended Complaint, filed with the benefit of counsel, contains no express or actionable HWE claim. The Amended Complaint contains one sentence in his enumerated "Disability Discrimination" claim that states: "The harassment Walton endured was severe and pervasive so as to affect

the Agency's Motion to Dismiss [Doc. 38] is **GRANTED.**

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[6]

## BACKGROUND

Plaintiff filed his original Complaint *pro se*.[7] The Agency filed a pre-Answer motion to dismiss, which the Court granted.[8] The Court dismissed Plaintiff's claims under the Uniformed Services Employment and Reemployment Act of 1994 ("USERRA") with prejudice because the Court lacked jurisdiction to consider them. In its detailed analysis, the Court also found Plaintiff failed to state a claim upon which relief could be

---

a term, condition or privilege of his employment." Doc. 33, p. 14, ¶ 56. This is the only statement that alludes to a HWE claim, and such statement is insufficient to raise or state any HWE claim.

[3] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.*

[6] *Bell Atlantic Corp.*, 550 U.S. at 556.

[7] Compl. [Doc. 1].

[8] Order Granting Defendant's Motion to Dismiss [Doc. 32].

granted for all his other claims. But, because Plaintiff the Eleventh Circuit requires district courts to allow a plaintiff proceeding *pro se* an opportunity to amend his complaint unless it is clear that he can prove no facts in support of his claim that would entitled him to relief, the Court allowed Plaintiff to file an amended complaint as to his race, age, and disability discrimination, hostile work environment, and retaliation claims.[9] Thereafter, Plaintiff secured counsel and filed the Amended Complaint currently before the Court which the Agency has moved to dismiss for failure to state a claim.

The Amended Complaint contains very few additional factual allegations.[10] And those few allegations do not materially alter this Court's analysis of Plaintiff's claims. Thus, the Court hereby incorporates the background facts of its previous Order into this Order and will discuss the additional factual allegations in the Amended Complaint, to the extent they are relevant to the Court's analysis, below.

## ANALYSIS

### I.  Abandoned Claims: Race and Age Discrimination and Retaliation

Plaintiff's Amended Complaint contains claims that the Agency discriminated and retaliated against him based on his race and age. The Agency moved to dismiss these claims, and, in his response to the Motion, Plaintiff only addressed the Agency's arguments as to his failure to accommodate claim under the Rehabilitation Act; he did not

---

[9] *Id.*

[10] *Compare* Doc. 1 *with* Doc. 33.

address or respond to the Agency's other arguments to dismiss his discrimination and retaliation claims. By failing to respond to the Agency's dismissal arguments, Plaintiff has abandoned these claims.[11]

## II. Failure to Accommodate Claim under the Rehabilitation Act

In his response to the Motion to dismiss, Plaintiff only defends his failure to accommodate claim under the Rehabilitation Act. Plaintiff argues that the Agency failed to accommodate his disability (carpal tunnel syndrome and moderate tricompartmental osteoarthritis) when it pressured him into accepting a security escort position that was not in compliance with his medical restrictions because the position involved approximately seven hours of walking and climbing stairs, when Plaintiff could only walk for four hours. Plaintiff declined the position, but he alleges that at the time, he felt pressured to accept or he would be terminated.

The Rehabilitation Act is "a federal employee's exclusive remedy for disability-related employment discrimination."[12] The Rehabilitation Act prohibits federal agencies from discriminating in employment against "otherwise qualified" individuals with a

---

[11] *See Gore v. Jacobs Eng'g Grp.*, 706 F. App'x 981, 986 (11th Cir. 2017) (affirming court's finding that a claim was abandoned in part because the plaintiff "failed to address or respond in any way to [the defendant's] arguments that the district court should dismiss his ADEA claim"); *Coal. For the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the proceedings for the district court is grounds for finding that the issue has been abandoned."). Even if Plaintiff had responded to the Agency's arguments, the Court would dismiss these claims for failure to state a claim upon which relief may be granted for the same reasons it found Plaintiff failed to state a claim in his original Complaint.

[12] *Tarmas v. Mabus*, Case No. 3:07-cv-290-J-32TEM, 2010 WL 3746636, at *3 (M.D. Fla. Sept. 21, 2010), *aff'd sub nom. Tarmas v. Sec'y of Navy*, 433 F. App'x 754 (11th Cir. 2011).

disability,[13] and the "standard for determining liability under the Rehabilitation Act is the same as that under the [ADA]."[14] A plaintiff establishes a *prima facie* case of disability discrimination under the Rehabilitation Act by showing (1) he has a disability, (2) he is a "qualified individual," meaning he can perform the "essential functions" of his job without accommodation or, failing that, with a reasonable accommodation, and (3) his employer discriminated against him because of his disability or perceived disability.[15] A plaintiff may satisfy the third prong of a *prima facie* case of disability discrimination by showing either that his employer failed to provide a reasonable accommodation for his disability or that his employer subjected him to an adverse employment action, such as discharge, because of his disability.[16]

"Discrimination against a disabled employee includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is … an  employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship of the operation of [its] business.'"[17] "'Thus, an employer's failure to reasonably accommodate a disabled

---

[13] 29 U.S.C. § 794(a); *see also Boone v. Rumsefeld*, 172 F. App'x268, 270 (11th Cir. 2006).

[14] *Owens v. Sec'y, Fla. Dept. of Corrections*, 602 F. App'x 475, 477 (11th Cir. 2015) (citing *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

[15] *See Marshall v. Dep's of Housing and Urban Dev.*, Case No. 1:19-cv-0460-JPB-JSA, 2020 WL 13660301, *5 (N.D. Ga. April 3, 2020) (citing *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014)).

[16] *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017).

[17] *Bender v. Secretary, Dep't of Defense*, 2022 WL 3703805, *3 (11th Cir. Aug. 26, 2022) (quoting 42 U.S.C. § 12112(b)(5)(A)).

individual *itself* constitutes discrimination under the [Act] so long as that individual is "otherwise qualified," and unless the employer can show undue hardship.'"[18]

"To state a claim for failure to accommodate under the Rehabilitation Act, the plaintiff must allege that: (1) []he is disabled; (2) []he was a 'qualified individual' at the relevant time, meaning []he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) []he was discriminated against by the defendant's failure to provide a reasonable accommodation."[19] "An accommodation is reasonable if it enables the employee to perform the essential functions of the job."[20] "A 'reasonable accommodation' may include job restructuring; modified work schedules; reassignment to a vacant position; acquisition or modification of equipment; appropriate adjustment or modifications of examinations, training materials, or policies; and other similar accommodations for individuals with disabilities."[21]

Here, Plaintiff fails to plausibly allege he was denied a reasonable accommodation. On the contrary, as with his original complaint, the Amended Complaint shows that the Agency engaged with Plaintiff and offered him reasonable accommodations. On February 12, 2020, two weeks after Plaintiff's functional capacity evaluation, Plaintiff's first level supervisor, Justin Upshaw, called Plaintiff to his office and told Plaintiff that "he is now

---

[18] *Id.* (quoting *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007) (quoting 42 U.S.C. § 12112(b)(5)(A))).

[19] *Id.* (quoting *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)).

[20] *Id.* (citation omitted).

[21] *Id.* (citing 42 U.S.C. § 12111(9)).

6

being given a new job due to his on-the-job injuries and this new job had the possibilities of career advancement."[22] Upshaw offered Plaintiff the "temporary, light-duty position of Security Escort" where he "would remain at the pay level" of his current position as a Sheet Metal Mechanic.[23] Plaintiff alleges the Security Escort position was outside of his medical restrictions, and thus he declined. Plaintiff continued to work in his temporary job within the sheet metal squadron until a job could found. The Agency continued to engage with him to find a suitable position, including the Supply Clerk position and, ultimately, the Flightline Security Guard position that he currently occupies.[24]

The fact Plaintiff accepted the offer of the Supply Clerk position "under duress" because he wanted a different supervisor is of no consequence.[25] The Eleventh Circuit has established that an employer is not required to transfer an employee to a new supervisor to comply with the Rehabilitation Act.[26] "The burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion to demonstrate that such an accommodation is reasonable."[27] "[A] plaintiff that requests reassignment or transfer due to issues with an

---

[22] Am. Compl., ¶ 29.

[23] *Id.*

[24] *Id.* at ¶ 49.

[25] *Id.*

[26] *D'Onoforio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1024 (11th Cir. 2020).

[27] *Dalton v. CDC*, 602 F. App'x 749, 754-55 (11th Cir. 2015); *see also Everett v. Grady Mem. Hosp. Corp.*, 703 F. App'x 938, 945 (11th Cir. 2007) ("It is [the plaintiff's] burden to identify an accommodation and demonstrate that it is reasonable, meaning that the accommodation would allow her to perform the job's essential functions.").

incompatible supervisor fails to satisfy [his] burden of requesting a reasonable accommodation because [his] request is, as a matter of law, unreasonable."[28]

Finally, to the extent Plaintiff alleges he was denied training as a failure to accommodate, such claim fails. Plaintiff alleges he asked about a transfer to a new robot operator position that Plaintiff believed was going to be available at some point in the future. Plaintiff was working as a Sheet Metal Mechanic at a level WG-10 and believed the new robot operator position would be at higher WG-11 position.[29] Plaintiff expressed his desire to continue robot training to be prepared for the possible new job opening and expressed his concern that he "miss out on vital training" if he accepted the Security Escort position.[30] Plaintiff was not allowed to participate in the training to become a robot operator.[31]

A denial of training may rise to the level of an adverse employment action only when "the training is materially related to the employee's job responsibilities or possibilities for advancement under limited circumstances."[32] Here, the Amended Complaint states that the training was for a new robot operator position, not for Plaintiff's current position of Sheet Metal Mechanic. "The Rehabilitation Act does not [ ] require an employer to accommodate an employee in any manner in which that employee desires nor

---

[28] *Bender v. Esper*, Case No. 5:19-cv-355-TES, 2020 WL 4960834, at *4 (M.D. Ga. Aug. 24, 2020), *aff'd sub nom. Bender v. Sec'y, Dep't of Def.*, 2022 WL 3703805 (11th Cir. Aug. 26, 2022).

[29] Am. Compl., ¶ 32.

[30] *Id.*

[31] *Id.* at ¶ 36.

[32] *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1436 n. 16 (11th Cir. 1998) (ADEA context).

8

to create a position for the disabled employee."[33] Plaintiff fails to sufficiently state the Agency denied him a reasonable accommodation and therefore fails to state a disability discrimination claim on failure to accommodate.

## CONCLUSION

For the reasons expressed above, the Agency's Motion to Dismiss Amended Complaint [Doc. 38] is **GRANTED.**

**SO ORDERED**, this 17th day of February, 2026.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[33] *Thatcher v. Dep't of Veterans Affs.*, 2021 WL 4940824, at *14 (11th Cir. Oct. 22, 2021) (citing *Curry v. Sec'y Dep't of Veterans Affairs*, 518 F. App'x 957, 964-65 (11th Cir. 2013) (citations and quotations omitted)).