**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL JAMES WALTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:23-CV-355 (CAR)** |
| | : | |
| **TROY MEINK, Secretary of the United States Air Force,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is *pro se* Plaintiff's Michael James Walton's Motion to Reopen Case, to Vacate Order granting Defendant's Motion to Dismiss, to Correct Scrivener's Error, and to Amend Complaint. For the reasons discussed below, Plaintiff's Motion [Doc. 47] is **DENIED**.

**BACKGROUND**

Plaintiff filed his original Complaint in this employment discrimination case *pro se*.[1] The Court granted Defendant's Motion to Dismiss Plaintiff's original complaint but because Plaintiff was proceeding *pro se*, allowed Plaintiff an opportunity to file a recast complaint.[2] Plaintiff then retained an attorney and filed an Amended Complaint.[3]

[1] Compl. [Doc. 1]

[2] Order granting Defendant's Motion to Dismiss Plaintiff's original complaint [Doc. 32].

[3] Notice of Plaintiff's Attorney's Appearance [Doc. 31]; Amended Complaint [Doc. 33].

Defendant filed a second motion to dismiss Plaintiff's Amended Complaint, which the Court granted finding Plaintiff, with the benefit of counsel, failed to plausibly allege he was denied a reasonable accommodation and therefore failed to state a disability discrimination claim for failure to accommodate.[4] The Clerk entered Judgment for Defendant.[5]

Plaintiff's counsel and Plaintiff then filed a consent motion for the attorney's withdrawal, which the Court granted, and Plaintiff, again proceeding *pro se*, filed the current Motion seeking reconsideration and to vacate the judgment, file a third amended complaint, and correct a "scrivener's error."[6]

**STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[7] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[8] "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."[9] To that end, "the only grounds for granting a Rule 59 motion are newly-discovered

---

[4] Order granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 44].

[5] Motion to Dismiss Amended Complaint [Doc. 38]; Order granting Defendant's Motion to Dismiss Amended Complaint [Doc. 44]; Judgment for Defendant [Doc. 45].

[6] Consent Motion to Withdraw [Doc. 46]; Motion to Reopen Case [Doc. 47].

[7] Fed. R. Civ. P. 59(e).

[8] M.D. Ga., L.R. 7.6.

[9] *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

evidence or manifest errors of law or fact."[10] For the purposes of the Rule, a manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."[11] "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[12] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[13] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[14]

## DISCUSSION

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. All of Plaintiff's arguments were available to him and could have been presented in opposition to the original motion. A motion for reconsideration

---

[10] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (internal alterations omitted).

[11] *Benton v. Burke*, Case No. CV-11-S-493-NE, 2012 WL 1746122, at 1 (N.D. Ala. May 16, 2012) (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

[12] *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

[13] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[14] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993).

"is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[15]

Plaintiff argues this Court erred by "misapprehend[ing] key pleaded facts and dr[awing] inferences against Plaintiff at the Rule 12(b)(6) stage."[16] Specifically, Plaintiff argues the Court "erred by concluding the Amended Complaint demonstrated that the Agency provided a reasonable accommodation where the complaint plausibly alleged that the offered assignment conflicted with medical restrictions, was rescinded, and no compliant placement was provided for an extended period despite repeated requests and Department of Labor directives."[17] Plaintiff now seeks to file a third amended complaint to assert a claim that Defendant's delay in providing a reasonable accommodation constituted disability discrimination. But Plaintiff, with the benefit of counsel, did not allege any delayed-accommodation claim in his amended complaint, nor did he argue he stated any delayed-accommodation claim in his response do Defendant's motion to dismiss. The Court will not give Plaintiff a third bite at the apple.

Because Plaintiff attempts to relitigate matters already decided, and because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motion to Reopen Case, to Vacate

---

[15] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).
[16] Motion for Reconsideration [Doc. 47, p. 1].
[17] *Id.* at p. 2.

Order granting Defendant's Motion to Dismiss, to Correct Scrivener's Error, and to Amend Complaint [Doc. 47].

**SO ORDERED,** this 19th day of November 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT